Walter F. BROWN and Mary C. Hollis,
Plaintiffs–Appellants,

v.

Donetta DAVIDSON in her official
capacity as Colorado Secretary of
State, Defendant–Appellee.

No. 04CA2455.

Colorado Court of Appeals,
Div. I.

June 29, 2006.

Hackstaff Gessler, LLC, Scott E. Gessler, Denver, Colorado, for Plaintiffs–Appellants.

John W. Suthers, Attorney General, Maurice Knaizer, Assistant Attorney General, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge CRISWELL *.

Plaintiffs, Walter F. Brown and Mary C. Hollis, appeal the trial court's order denying their request for attorney fees under 42 U.S.C. § 1988. We reverse and remand for further proceedings.

In August 2004, plaintiffs filed a complaint and sought a preliminary injunction against former Colorado Secretary of State Donetta Davidson, seeking to be placed on the ballot for the November election as Socialist Party candidates for United States President and Vice President. Plaintiffs' complaint sought relief under 42 U.S.C. § 1983, asserting that Colorado's statute requiring unaffiliated candidates to file a candidate statement 120 days before the general election (nearly two months before any other statutory deadline for presidential candidates) unconstitutionally hindered the ability of Colorado voters to vote for candidates of the Socialist Party and unconstitutionally placed greater burdens on unaffiliated candidates than on major party candidates, minor party candidates, and write-in candidates, in violation of the First and Fourteenth Amendments to the United States Constitution. Their complaint also set forth two state law claims, alleging that defendant improperly calculated filing deadlines under Colorado law and that, even if defendant calculated the deadlines properly, Colorado's substantial compliance test required their filings to be accepted. Plaintiffs requested attorney fees and costs pursuant to § 1988.

In September 2004, a hearing was held pursuant to § 1–1–113, C.R.S.2006, which provides an expedited procedure for controversies arising between an election official and a candidate if the official is alleged to have committed or is about to commit a breach or neglect of duty or other wrongful act. The trial court concluded that, although defendant had properly calculated the filing deadlines, the substantial compliance test of § 1–1–103, C.R.S.2006, mandated acceptance of plaintiffs' filing and their placement on the ballot. The court declined to rule on the constitutional claims brought under § 1983, and it refused to award attorney fees under § 1988.

Both parties filed timely petitions for review with the Colorado Supreme Court pursuant to § 1–1–113. That court denied those petitions without passing on the merits of any issue raised.

Plaintiffs thereafter filed a motion with the trial court to reconsider the denial of attorney fees. Upon reconsideration, the trial court issued a second order ruling that plaintiffs were not entitled to attorney fees under § 1988 because they had failed to raise a substantial constitutional claim. The court explained:

> This court is persuaded by the federalism argument in [*Gamza v. Aguirre*, 619 F.2d 449 (5th Cir.1980), and *Gold v. Feinberg*, 101 F.3d 796 (2d Cir.1996)]. Specifically, this court finds that the issue raised by plaintiffs was a uniquely state law issue and is not a federal constitutional deprivation. The court does not believe that federal courts should adjudicate all state law election disputes. The court does not find any intentional or purposeful discrimination on the part of defendant Davidson in interpreting the election statutes. Further, the fact that plaintiffs prevailed and will now be on the November ballot highlights the existing state remedy which is both fair and adequate. The court therefore concludes that even though the factual basis for the constitutional claims arose from the same nexus of facts as did the state law claims, the constitutional claims were not substantial under the *Gamza* and *Gold* analysis and therefore reaffirms its denial of attorney fees.

Plaintiffs appeal from this order.

## I.

Before turning to the merits, we must first address defendant's contention that we do

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2006.

not have subject matter jurisdiction to hear this appeal. More specifically, defendant contends that, because this action was litigated pursuant to § 1–1–113, it was improper to join a § 1983 claim with it, and in any event, only the supreme court may hear an appeal of the dispute. We reject this contention.

Defendant's assertions are based upon two series of statutes.

First, § 1–1–113(1), C.R.S.2006, provides that, when a candidate alleges that an election official "has committed or is about to commit a breach or neglect of duty or other wrongful act, ... upon a finding of good cause, the district court shall issue an order requiring substantial compliance with the provisions of [the Election Code]."

Section 1–1–113(3), C.R.S.2006, provides that the proceedings in the district court "may be reviewed and finally adjudicated by the supreme court," if a petition for such review is filed "within three days after the district court *proceedings are terminated,* unless the supreme court, in its discretion, declines jurisdiction of the case" (emphasis added).

Section 1–1–113(4), C.R.S.2006, provides: "Except as otherwise provided in this part 1, the procedure specified in this section shall be the *exclusive method* for the adjudication of controversies arising from a *breach or neglect of duty* or *other wrongful act* that occurs prior to the day of an election" (emphasis added).

Defendant also relies upon the statute that establishes this court's jurisdiction, § 13–4–102(1)(g), C.R.S.2006, which provides that "[a]ny provision of law to the contrary notwithstanding," this court has "initial jurisdiction over *appeals* from final judgments of the district courts," except in *"[s]ummary proceedings* initiated under articles 1 to 13 of title 1" (emphasis added).

## A.

■ We first reject defendant's assertion that these statutes prohibit the joinder of a claim of a constitutional violation under § 1983 with a claim under § 1–1–113 to obtain a judicial directive to comply with the Election Code.

■ It is clear that constitutional claims may be litigated in an action initiated under § 1–1–113. *See, e.g., Colo. Libertarian Party v. Sec'y of State,* 817 P.2d 998 (Colo.1991).

■ It is also clear that § 1983 is a proper vehicle for obtaining relief against constitutional violations committed in the course of a state election procedure. *See, e.g., Baer v. Meyer,* 728 F.2d 471 (10th Cir.1984) (in action under § 1983, court declares certain practices of Colorado Secretary of State to be violative of federal constitution).

■ Further, a claim under § 1983 exists as a "uniquely federal remedy" that "is to be accorded 'a sweep as broad as its language.'" *Felder v. Casey,* 487 U.S. 131, 139, 108 S.Ct. 2302, 2307, 101 L.Ed.2d 123 (1988)(quoting *Mitchum v. Foster,* 407 U.S. 225, 239, 92 S.Ct. 2151, 2160, 32 L.Ed.2d 705 (1972), and *United States v. Price,* 383 U.S. 787, 801, 86 S.Ct. 1152, 1160, 16 L.Ed.2d 267 (1966)).

■ State courts possess concurrent jurisdiction over claims asserted under § 1983. The United States Supreme Court has held that, when a state places procedural barriers that deny or limit the remedy available under § 1983, those barriers must give way or risk being preempted. *Felder v. Casey, supra,* 487 U.S. at 139, 108 S.Ct. at 2307.

■ We note here, and explain in greater detail below, that § 1983 and its companion statute, § 1988, provide for the award of attorney fees to a plaintiff where an action under § 1983 is joined with a state claim based on the same nucleus of facts, even though the plaintiff prevails only on the asserted state claim. *Maher v. Gagne,* 448 U.S. 122, 133 n. 5, 100 S.Ct. 2570, 2576, 65 L.Ed.2d 653 (1980). Hence, unless state law permits the joinder of a § 1983 claim with a claim under § 1–1–113, that state law will prohibit a plaintiff from obtaining the relief that these federal statutes provide. Such an interpretation of state law would render it inconsistent with these federal statutes and, to this extent, invalid. See *Felder v. Casey, supra; cf. Bd. of County Comm'rs v. Sundheim,* 926 P.2d 545 (Colo.1996)(time limits of C.R.C.P. 106(a)(4) cannot be applied to

action under § 1983 to obtain relief from improper quasi-judicial act); *Espinoza v. O'Dell,* 633 P.2d 455 (Colo.1981)(Colorado's Wrongful Death Act cannot limit damages recoverable under § 1983 for death of father and husband).

In asserting that § 1983 cannot be asserted in a pre-election contest under § 1–1–113, defendant relies upon the opinion in *Jones v. Hildebrant,* 191 Colo. 1, 550 P.2d 339 (1976), in which the court held that, when a § 1983 claim is joined with a claim under the Wrongful Death Act, the two claims "merge," and the § 1983 claim should be dismissed. This opinion, however, was announced before *Felder, Sundheim,* or *Espinoza.* Indeed, in *Espinoza,* the majority opinion declared: "The continuing validity of [the *Jones v. Hildebrant]* merger rule is in serious doubt." *Espinoza v. O'Dell, supra,* 633 P.2d at 462 n. 9. And the special concurrence in *Espinoza* was based upon the understanding that the majority opinion overruled *Jones v. Hildebrant. Espinoza v. O'Dell, supra,* 633 P.2d at 469 (Erickson, J., specially concurring).

Given the developments of the law since the *Jones* opinion was announced, we are confident that the merger rule as articulated in that case is no longer viable, and our opinion here merely recognizes its formal interment.

We conclude, therefore, that nothing in the law of this state prohibits the assertion of a § 1983 claim in a proceeding commenced under § 1–1–113, and thus, the district court had jurisdiction to pass upon this claim.

## B.

■ We also conclude that we have jurisdiction to review the district court's judgment that denied plaintiffs an award of fees under § 1988.

Our analysis of this question must start with recognition of the narrow issue presented here. Neither party seeks to raise before us any issue with respect to the propriety of the district court's order directing the Secretary of State to place plaintiffs' names on the ballot. The *only* issue before us is whether the district court was correct in refusing to award to plaintiffs attorney fees under

§ 1988. This consideration is important for at least two reasons.

■ First, under Colorado law, a judgment on the substantive merits of an action is separate from a judgment resolving a request for attorney fees. *Steven A. Gall, P.C. v. Dist. Court,* 965 P.2d 1268 (Colo.1998) (court of appeals has jurisdiction over attorney fee award certified as final by district court); *Baldwin v. Bright Mortgage Co.,* 757 P.2d 1072 (Colo.1988) (because award of attorney fees is issue separate from substantive issue, judgment on merits may be appealed without a C.R.C.P. 54(b) certification, even though attorney fees issue has not been resolved). In reaching this conclusion, the supreme court in both *Gall* and *Baldwin* relied upon the language of § 13–4–102 granting to this court jurisdiction of appeals from final judgments of the district court.

Second, § 13–4–102(1)(g) deprives this court of jurisdiction only over appeals from "summary proceedings initiated" under the Election Code. The § 1988 claim here was not part of the summary proceedings in this sense, and both parties recognized that a petition to the supreme court seeking review under § 1–1–113(3) of the district court's decision could be filed after such "summary proceedings are terminated." Upon the entry of the district court's order directing defendant to undertake certain actions, both parties treated the § 1–1–113·summary proceedings as "terminated," and both sought review by the supreme court.

After the supreme court refused to engage in such a review, plaintiffs sought the district court's reconsideration of the attorney fee issue under C.R.C.P. 59. Only after the district court determined this motion was there a "final judgment" for appeal purposes. And that judgment did not relate to the "summary proceedings" under § 1–1–113; it was a final judgment on the §§ 1983 and 1988 claims.

Given this circumstance, we conclude that the exceptions to this court's jurisdiction, contained in §§ 1–1–113 and 13–4–102(1)(g), are not applicable to this appeal. Our conclusion in this respect will not delay the effectiveness of a court's summary orders to

comply with the Election Code, but will impact only questions that are, at best, merely ancillary to any of those summary orders.

Analytically, our conclusion is similar to the supreme court's recognition that another exception to our jurisdiction, § 13–4–102(1)(f), C.R.S.2006, is inapplicable in certain circumstances.

Section 13–4–102(1)(f) provides that this court does not have jurisdiction over appeals from final judgments of the district court in "[c]ases appealed from the county court to the district court, as provided in section 13–6–310 [C.R.S.2006]." Neither § 13–4–102(1)(f) nor the statute referenced by it states any exceptions to their broad application.

Yet, in *Bovard v. People*, 99 P.3d 585 (Colo.2004), the supreme court held that this exception to this court's general jurisdiction is inapplicable where the district court's review of the county court's judgment has resulted in a trial *de novo* in the district court. In doing so, the supreme court noted that, if a statute grants a right of "appeal," as § 13–4–102 appears to do in this case, grave constitutional issues might be presented if a full appellate review of the merits of a claim is denied.

Finally, in reaching the conclusion that we possess jurisdiction to review the district court's denial of plaintiffs' request for attorney fees under § 1988, we have noted the opinion in *Zivian v. Brooke–Hitching*, 28 P.3d 970 (Colo.App.2001). The *Zivian* division held that, if the supreme court refuses to grant a petition for review under § 31–10–1401, C.R.S.2006, a municipal election code provision that is comparable to § 1–1–113, this court then has jurisdiction to review the district court's determination made in the summary proceedings. *See also Taxpayers Against Congestion v. Reg'l Transp. Dist.*, 140 P.3d 343 (Colo.App.2006) (seemingly approving the rule of *Zivian*, but distinguishing it).

However, given the narrow issue presented to us here, we need not consider whether *Zivian* reached the proper conclusion.

## II.

We turn, then, to the central issue raised by this appeal. Plaintiffs contend that the trial court erred in refusing to award attorney fees under § 1988 on the ground that they had failed to raise substantial constitutional claims. We agree.

■ We review the trial court's decision to award or deny attorney fees under an abuse of discretion standard. However, we also review de novo any statutory or legal conclusions that provide a basis for the decision. *See Phelps v. Hamilton*, 120 F.3d 1126 (10th Cir.1997).

■ Section 1988 provides for an award of attorney fees to a prevailing claimant in a § 1983 action. The Supreme Court has concluded that this statute also applies in cases raising constitutional as well as nonconstitutional state law claims, even if a determination of the nonconstitutional claim is dispositive, and as a result, the court does not reach the constitutional issue. *Maher v. Gagne*, *supra*. For attorney fees to be awarded, the constitutional claim must be substantial, and both the state and constitutional claims "must arise out of a common nucleus of operative facts." *Plott v. Griffiths*, 938 F.2d 164, 168 (10th Cir.1991). We do not agree with defendant that later Supreme Court opinions have altered or undermined the holdings in *Maher* or *Plott*.

■ The rationale for awarding § 1988 fees to a party who prevails on a state law claim pleaded in conjunction with a substantial federal constitutional claim arising out of a common nucleus of operative facts is that "[t] o conclude otherwise would both contravene the congressional goal of encouraging vindication of constitutional rights and undermine the judicial policy of avoiding unnecessary decision of important constitutional issues." *Int'l Ass'n of Machinists, Local Lodge No. 1142 v. Affleck*, 504 A.2d 468, 470–71 (R.I.1986). *But see Maine v. Thiboutot*, 448 U.S. 1, 24, 100 S.Ct. 2502, 2515, 65 L.Ed.2d 555 (1980)(Powell, J., dissenting) ("ingenious pleaders may find ways to recover attorney's fees in almost any suit against a state defendant").

■ Here, it is undisputed that both plaintiffs' federal and state claims arose out of a common nucleus of operative facts. Therefore, we restrict our discussion to whether plaintiffs' First and Fourteenth Amendment claims constituted "substantial" federal claims for purposes of awarding attorney fees under § 1988. We conclude those claims were substantial.

■ A constitutional claim is substantial unless it is without merit, wholly frivolous, or barred by prior Supreme Court decisions. *Deighton v. City Council,* 3 P.3d 488 (Colo. App.2000); *see also Plott v. Griffiths, supra.*

■ To state a claim for relief under § 1983, all that a plaintiff need allege is that (1) he was deprived of a federal right and (2) such deprivation was effected by one acting under color of state law. *Gomez v. Toledo,* 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); *Espinoza v. O'Dell, supra.*

■ The impact of candidate-eligibility requirements on voters implicates basic constitutional rights. Ballot-access restrictions may burden two kinds of rights: the right of individuals to associate for the advancement of political beliefs and the right of qualified voters of all political persuasions to cast their votes effectively. *See Anderson v. Celebrezze,* 460 U.S. 780, 103 S.Ct. 1564, 75 L.Ed.2d 547 (1983).

■ Under *Anderson, supra,* a court must weigh the character and magnitude of the injury to the rights protected by the First and Fourteenth Amendments against the state's interest justifying the burden imposed by its election laws. If the state's requirements severely restrict those rights, then the requirements may be upheld only if they are narrowly tailored to advance a compelling state interest. If, however, state law imposes only reasonable and nondiscriminatory restrictions upon the First and Fourteenth Amendment rights of voters, the state's important regulatory interests are generally sufficient to justify the restrictions imposed. *Burdick v. Takushi,* 504 U.S. 428, 112 S.Ct. 2059, 119 L.Ed.2d 245 (1992).

In *Anderson,* the Supreme Court held that the Ohio statute requiring the independent candidate for the office of President to file a statement of candidacy and nominating petition in March to appear on the November general election ballot placed an unconstitutional burden on voting and associational rights of supporters of the independent candidate.

Other existing decisions, such as *Coalition for Free & Open Elections v. McElderry,* 48 F.3d 493 (10th Cir.1995), suggest that, in contrast, a July filing deadline for independent candidates' submission of presidential elector nominations may be constitutional. *See also Libertarian Party v. Munro,* 31 F.3d 759 (9th Cir.1994) (July filing deadline constitutional); *Browne v. Bayless,* 202 Ariz. 405, 46 P.3d 416 (2002). The issue, however, has not been the subject of a dispositive Supreme Court decision. Hence, these lower federal and state court decisions do not render plaintiffs' constitutional claims insubstantial. *See Deighton v. City Council, supra.*

In denying plaintiffs' motion for attorney fees, the trial court did not rely on the proposition that plaintiffs' assertion with respect to the invalidity of the Colorado statutes was insubstantial. Rather, it adopted the rationale of *Gamza v. Aguirre, supra,* and *Gold v. Feinberg, supra,* that human error in the conduct of elections does not rise to the level of a Fourteenth Amendment constitutional violation actionable under § 1983 in the absence of willful action by state officials intended to deprive individuals of their constitutional right to vote. However, both *Gamza* and *Gold* involved mere "unintended irregularities" in the conduct of elections, which require allegations of wrongful intent to show likelihood of success on the merits of a § 1983 action. *Gold, supra,* 101 F.3d at 801; see *Gamza, supra,* 619 F.2d at 451 ("unintended error"). They distinguished those circumstances from episodic, systemic events that deny equality in voting, which do not require such allegations. *See also Hoblock v. Albany County Bd. of Elections,* 341 F.Supp.2d 169 (N.D.N.Y.2004), *remanded,* 422 F.3d 77 (2d Cir.2005).

Here, plaintiffs' complaint alleges a systemic flaw in Colorado's election statute, namely, that requiring unaffiliated candidates to file a candidate statement 120 days before

the general election unconstitutionally hinders the ability of Colorado voters to cast effective votes and unconstitutionally places greater burdens on unaffiliated candidates in violation of the First and Fourteenth Amendments to the United States Constitution. That claim did not rely upon any action of the Secretary of State, as such, whether willful or otherwise.

As we have noted, there is noncontrolling authority suggesting that a July filing deadline is constitutional. We also note, however, that the effect of a filing deadline can only be adequately evaluated in light of the particular state's broader electoral scheme. Further, the test for a substantial claim does not require a finding that plaintiff would ultimately prevail on the merits; rather, all that is required is a finding that the claim is not wholly frivolous and does not conflict with any United States Supreme Court decision. We conclude, therefore, that plaintiffs' constitutional claims under § 1983 are substantial under the proper test. *See Deighton v. City Council, supra.*

In thus concluding, we reject defendant's contention that plaintiffs' claims are not substantial because federal courts are generally unwilling to exercise pendent jurisdiction over claims alleging state election law violations. Defendant's argument apparently relies on the proposition that the test of substantiality (whether a claim is without merit or wholly frivolous) has been described as "identical to the [test] … the district court must apply to determine whether it has pendent jurisdiction over a state law claim." *Plott v. Griffiths, supra,* 938 F.2d at 168. While that description may, or may not, be accurate, our analysis supports the conclusion that the federal claim here meets that test.

Upon remand, therefore, the trial court should award plaintiffs their attorney fees pursuant to § 1988 unless special circumstances render an award unjust. *See Blanchard v. Bergeron,* 489 U.S. 87, 89 n. 1, 109 S.Ct. 939, 942, 103 L.Ed.2d 67 (1989).

The order denying plaintiffs' request for attorney fees under § 1988 is reversed, and the case is remanded for further proceedings consistent with this opinion.

Judge VOGT and Judge RUSSEL concur.