JUSTICE EID
delivered the Opinion of the Court.
¶1 Gordon Roy Butt sought to run for state senate for the Libertarian Party in a *559 2013 recall election. The Secretary of State denied his request to circulate a petition because his request came after the deadline as then set by section 1-12-117(1). See Ch. 170, see. 8, § 1-12-117(1), 2014 Colo. Sess. Laws 621. Butt and the Libertarian Party (collectively, “the Party”) sued the Secretary under § 1-1-113, C.R.S. (2017), alleging that the statutory deadline conflicted with the Colorado Constitution. Within the section 1-1-113 proceeding, the Party also raised a claim for relief under 42 U.S.C. § 1983 (2012), and an accompanying request for an award of attorney’s fees under 42 U.S.C. § 1988 (2012), alleging, inter alia, a First Amendment violation. The district court found for the Party on the state constitutional claim, and did not address the section 1983 claim. After this court denied appellate review on a split vote, further proceedings occurred before the district court. The case was appealed once again, and this court again denied review.
¶2 Nine months later, the Party returned to district court seeking summary judgment on its section 1983 claim and, in the alternative, an attorney’s fee award under section 1988 on the ground that the Party had been successful on its state constitutional claim. The district court denied the Party’s request for attorney’s fees, finding that it had not pursued fees in a timely manner. It also dismissed the section 1983 claim as moot due to the General Assembly’s 2014 amendment of section 1-12-117(1).
¶3 On appeal, the court of appeals reversed the district court. Libertarian Party of Colorado v. Williams, No. 14CA2063, — P.3d -, 2016 WL 241406 (Colo. App. Jan. 14, 2016). Citing Brown v. Davidson, 192 P.3d 415 (Colo. App. 2006), it noted that section 1983 claims may be brought in a section 1-1-113 proceeding. Williams, ¶ 11. The court then held that, although the Party’s section 1983 claim was moot, the request for attorney’s fees under section 1988 was appropriate so long as the section 1983 claim was substantial, stemmed from the same nucleus of operative facts as the state constitutional claim, and was reasonably related to the plaintiffs ultimate success. Id. at ¶ 29. The court remanded the case to the district court to apply this test to determine whether the Party was entitled to fees. Id at ¶¶ 31-32.
¶4 We granted the Secretary’s request for certiorari review and now reverse the court of appeals.[1] For reasons discussed at length in our companion case, Frazier v. Williams, 2017 CO 85, 401 P.3d 541, also announced today, we hold that a section 1983 claim may not be brought in a section 1-1-113 proceeding. The language of that section repeatedly refers to “this code,” meaning the Colorado Election Code. Therefore, a section 1-1-113 proceeding is limited to allegations of a “breach or neglect of duty or other wrongful act” under the election code itself. § 1-1-113(1). We emphasize that Colorado courts remain entirely open for adjudication of section 1983 claims, including on an expedited basis if a preliminary injunction is sought, and that therefore section 1-1-113 does not run afoul of the Supremacy Clause. To the extent that Brown v. Davidson, 192 P.3d 415 (Colo. App. 2006), holds to the contrary, it is overruled. Accordingly, we reverse and remind the case for further proceedings.
I.
¶5 This case arose out of legislative recall elections in 2013, Butt requested approval from the Secretary to circulate a petition to qualify as a successor candidate on the Libertarian Party ticket. The Secretary denied the request because it was submitted after the statutory deadline that was then set forth in section 1-12-117(1) (“Nomination petitions ... shall be filed no later than ten calendar days prior to the date for holding the [recall] election....”).
*560 ¶6 The Party filed a petition for relief under section 1-1-113, arguing that the statutory deadline then set by section 1-12-117(1) and enforced by the Secretary conflicted with Article XXI, section 3 of the Colorado Constitution, which would have allowed Butt more time to file his petition.[2] See Colo. Const, art. XXI, § 3 (“[Petitions for nomination to office are required by law to be filed not less than 15 days before such recall election.,..”). Within the section 1-1-113 proceeding, the Party also brought a section 1983 claim alleging, inter alia, a First Amendment violation, and requested attorney’s fees pursuant to 42 U.S.C. section 1988.
¶7 After bifurcating the cas'e pursuant to C.R.C.P. 42(b), the district court concluded that the statute conflicted with the Colorado Constitution, It did not' address the Party’s section 1983 claim. We declined review on an evenly divided vote. Further proceedings occurred before the district court and the case was appealed once again, and this court denied review.
¶8 The Party returned to the district court nine months later seeking summary judgment on the section 1983 claim and, in the alternative, an attorney’s fee award under section 1988 on the ground that the Party had been successful on its state constitutior al claim. The district court denied the Party’s request for attorney’s fees, finding that it had not pursued fees in a timely manner. It also dismissed the section 1983 claim as moot due to the General Assembly’s amendment of section 1-12-117(1) that remedied any conflict between the statute and the Colorado Constitution;
¶9 On appeal, the court of appeals determined that under Brown v. Davidson, the Party was permitted to bring its section 1983 claim under section 1-1-113. Williams, .¶ 11. While it agreed that the section 1983 claim was moot, it found that attorney’s fees were nonetheless appropriate so long as the section 1983 claim was substantial, stemmed from the same nucleus of operative facts as the state claim, and was reasonably related to the plaintiffs ultimate success. Id. at ¶ 29. The court remanded the ease to the district court to apply'this test to determine whether the Party was entitled to fees. Id. at ¶¶ 31-32.[3]
¶10 We granted the Secretary’s petition for certiorari review. We now reverse the court of appeals and remand the case for further px-oceedings.
IL
' 111 Here, the Secretary contends that section 1983 claims cannot be brought in a section 1-1-113 proceeding. For the reasons set foxrth in more detail in our lead companion ease Frazier v. Williams, 2017 CO 85, 401 P.3d 541, we agree. The language of section 1-1-113 limits claims that may be brought to those alleging a breach or neglect of duty or other wrongful act under “this code,” meaning the Colorado Election Code. Colorado courts remain entirely open for adjudication of section 1983 claims, including on an expedited basis if a preliminary injunction is sought, and that therefore section 1-1-113 does not run afoul of the Supremacy Clause, To the extent that Brown v. Davidson holds to the contrary, it is oveiTuled.
¶12 Because we find that section 1983 claims may not be brought in a section 1-1-113 proceeding, we need not consider the remaining two issues upon which we granted ceirtiorari, as both assume that, if a section 1983 claim may be brought in section 1-1-113 proceeding, the court. of: appeals eiued in permitting fees uixder section 1988-. Accordingly, we reverse and remand the ease for further pi’oceedings consistent with this opinion.
JUSTICE GABRIEL dissents, and JUSTICE HOOD joins the dissent.

.We granted review of the following issues:
1. Whether Brown v. Davidson, 192 P.3d 415 (Colo. App. 2006), which held that a claim asserted under 42 U.S.C. § 1983 may be joined with a petition filed under section 1-1-113, C.R.S. (2016), should be overturned.
2. Whether, when the supreme court denies review under section 1-1-113(3), that denial marks the conclusion of the proceedings, thereby triggering the deadline for attorney fees applications under C.R.C.P. 121, section 1-22.
3.Whether a plaintiff who prevails on a state claim is entitled to attorney fees under 42 U.S.C. § 1988 for an unadjudicated 42 U.S.C § 1983 claim.

. No one has challenged Butt’s joinder of a state constitutional claim under section 1-1-113, so we do not address that issue in this case.

. The court of appeals also determined that the district court’s decision as to fees was a reviewable final judgment, id at ¶ 13, a conclusion that the' Secretary does not challenge before this court.