JUSTICE EID
delivered the Opinion of the Court.
¶1 Ryan Frazier sought to appear on the Republican primary ballot for United States Senate. After Secretary of State Wayne Williams determined that he had gathered insufficient signatures to appear on the ballot, Frazier challenged the Secretary’s determination under § 1-1-113, C.R.S. (2017), arguing that the Secretary improperly invalidated hundreds of signatures that substantially complied with the Colorado Election Code. Within the section 1-1-113 proceeding, Frazier also brought a claim under 42 U.S.C. § 1983 (2012) arguing that certain Colorado statutes prohibiting non-resident circulators from gathering signatures violated the First Amendment. Frazier filed an accompanying request for attorney’s fees as authorized by 42 U.S.C. § 1988 (2012), which allows the award of a “reasonable attorney’s fee” to “the prevailing party” in an action to enforce civil rights under section 1983. 42 U.S.C. § 1988. The district court ruled that the Secretary had properly invalidated certain signatures such that Frazier could not appear on the primary ballot. Frazier appealed to this court. We accepted jurisdiction and remanded the case for reconsideration of a number of signatures under the appropriate standard. On remand, the district comí; found that additional signatures substantially complied with the code, providing Frazier with sufficient signatures to appear on the Republican primary ballot for United States Senate. No ruling was made on Frazier’s section 1983 claim.
¶2 Frazier then sought attorney’s fees pursuant to section 1988. The Secretary opposed the fee request, arguing that federal claims such as section 1983 may not be brought in summary proceedings under section 1-1-113. The district court disagreed. Relying on Brown v. Davidson, 192 P.3d 415 (Colo. App. 2006), and Libertarian Party of Colorado v. Williams, No. 14CA2063, — P.3d -, 2016 WL 241406 (Colo. App. Jan. 14, 2016), the companion case we review today, the court ruled that Colorado law permitted 1983 claims to be joined in section 1-1-113 proceedings. The court accordingly determined that Frazier was entitled to an award of attorney’s fees. The Secretary filed a petition for a rule to show cause, which we issued.
¶3 The language of section 1-1-113 repeatedly refers to “this code,” which is defined as the Colorado Election Code. § 1-1-101 et seq., C.R.S. (2017). We hold that where the language of section 1-1-113 allows a claim to be brought against an election official who has allegedly committed a “breach or neglect of duty or other wrongful act” under “this code,” it is referring to a breach of duty or other wrongful action under the Colorado Election Code, not a section 1983 claim. § 1-1-113. We emphasize that Colorado courts remain entirely open for the adjudication of section 1983 claims, including on an expedited basis if a preliminary injunction is sought, and that therefore section 1-1-113 does not run afoul of the Supremacy Clause. To the extent that Brown v. Davidson holds to the contrary, it is overruled. Accordingly, we make our rule absolute and remand the case for further proceedings.
I.
¶4 Frazier sought the Republican Party’s nomination for United States Senate in the 2016 election. In order to have his name appear on the primary election ballot, Frazier was required by Colorado law to file a petition containing a certain number of valid signatures of registered Republican electors.
¶5 After submitting these signatures to the Colorado Secretary of State for an official determination of eligibility, Frazier was informed on April 28, 2016, that the Secretary had determined that the signatures he had submitted were insufficient to place his name on the ballot. The Secretary stated that the *543 signatures were insufficient in a variety of ways, including that signatures had been gathered by non-resident circulators.
¶6 Frazier filed a petition with the district court protesting the Secretary’s decision on May 2, 2016, within five days of notification as required by § 1-4-909(1.6), C.R.S. (2017). In his petition, Frazier asserted two claims for relief: first, he sought an order under section 1-1-113 stating that the disputed signatures should be accepted by the Secretary of State because he had substantially complied with the Colorado Election Code; and second, he brought a section 1983 claim cop-tending, inter alia, that the Colorado election laws prohibiting non-resident circulators were unconstitutional under the First Amendment.[1] He sought attorney’s fees under section 1988, which permits the recovery of attorney’s fees in connection with a section 1983 claim. 42 U.S.C. § 1988.
¶7 The district court held a hearing the next morning, May 3. The district court issued its order on May 4, concluding that Frazier had gathered insufficient signatures to appear on the ballot. Frazier asked this court to review the district court’s order on May 9, within three days of the issuance of the court’s order terminating proceedings, as required by section 1-1-113(3). This court accepted jurisdiction and concluded by order dated May 24 that Frazier had substantially complied with respect to a number of disputed signatures, and remanded the case for reconsideration of many other signatures under the standard mandated by the Colorado Election Code. After a telephonic hearing on May 26, the district court concluded that Frazier had enough signatures to qualify for the ballot, and ordered the Secretary to place Frazier on the Republican primary ballot for United States Senate. Frazier’s section 1983 claim was not addressed in any of the above proceedings.
¶8 Frazier then sought to collect attorney’s fees under section 1988 as a prevailing party. The Secretary opposed the fee request, arguing that federal claims such as section 1983 may not be brought in a section 1-1-113 proceeding. The district court disagreed, noting that it was bound by two court of appeals precedents, Brown v. Davidson, and Libertarian Party of Colorado v. Williams, the companion case we review today, both reading section 1-1-113 to permit joinder of section 1983 claims. As such, it rejected the Secretary’s argument and applied the test set forth in Brown v. Davidson, eventually finding that Frazier was entitled to an award of attorney’s fees.
¶9 The Secretary then challenged the district court’s decision under C.A.R. 21 and section 1-1-113, asking us to consider whether section 1983 claims could be brought in a section 1-1-113 proceeding and, if so, whether special circumstances exist making an attor- • ney’s fee award unjust in this instance. We treated the petition as one brought under Rule 21, and issued a rule to show cause.
¶10 Wé now make the rule absolute. We hold that claims brought pursuant to section 1-1-113 are limited to those alleging a breach. or neglect of duty or other wrongful act under the Colorado Election Code.[2] We emphasize that Colorado courts remain entirely open for adjudication of section 1983 claims, including on an expedited basis if a preliminary injunction is sought, and that therefore section 1-1-113 does not run afoul of the Supremacy Clause. To the extent that Brown v. Davidson holds to the contrary, it is overruled, Accordingly, we make our rule absolute and remand the case for further proceedings.
*544 II.
¶11 Given the tight deadlines for conducting elections, section 1-1-113 is a summary proceeding designed to quickly resolve challenges brought by electors, candidates, and other designated plaintiffs against state election officials prior to election day. Both parties agree that such proceedings generally move at a breakneck pace. Here, for example, Frazier filed his petition challenging the Secretary’s decision that his signatures were insufficient on May 2, 2016, within five days of notice of decision as required by section 1-4-909(1.5). The district court held a hearing the next morning and issued an order the day after the hearing, agreeing with the Secretary that certain signatures collected in congressional district three were invalid. As a result, Frazier lacked, sufficient signatures to be a candidate in the Republican, primary. Frazier then sought review with this court within three days, as required by section 1-1-113(3), and we accepted jurisdiction. We remanded the case on May 24, ordering the district court to accept certain signatures and to reconsider others under the appropriate standard. The district court ordered that Frazier be placed on the ballot on May 25. Frazier’s section 1983 claim was never , addressed.
¶12 The Secretary argues that the language of section 1-1-113 limits the claims that can be brought to those alleging a breach or neglect of duty or other wrongful act under the Colorado Election Code. We agree.
¶13 Section 1-1-113 provides that:
When any controversy arises between any official charged with any duty or function under this code and any candidate, or any officers or representatives of a political party, or any persons who have made nominations or when any eligible elector files a verified petition in a district court of competent jurisdiction alleging that a person charged with a duty under this code has committed or is about to commit a breach or neglect of duty or other wrongful act ... upon a finding of good cause, the district court shall issue an order requiring substantial compliance with the provisions of this code.
§ 1-1-113(1) (emphasis added). We conclude that when section 1-1-113 -repeatedly refers to “this code,” it'is plainly referring to the Colorado Election Code, gee § 1-1-101 (defining “this code” as the “Uniform Election Code of 1992”). Indeed, Frazier does not propose an alternate meaning for the phrase “this code.” Therefore, when section 1-1-113 refers to a verified petition brought against “any official charged with any duty or function under this code,” it is specifying who the proper defendant in a section 1-1-113 action may be — namely, an official charged with carrying out duties under the Colorado. Election Code. Id. As for grounds, the petition must allege that the official “committed ... a breach or neglect of duty or other wrongful act.” Id. And finally, the section specifies the available remedy: “upon a finding of good cause, the district court shall issue an order requiring substantial compliance with the provisions of this code” —that is, the Colorado Election Code. Id.
¶14 Frazier focuses on the statutory language specifying that a petition must allege that the official “committed ... a breach or neglect of duty or other wrongful act.” Id. According to Frazier, the legislature could have simply stated that the petition must allege- a breach or neglect of duty, but instead included “or other wrongful act,” which, he continues, expands the coverage of a section 1-1-113 proceeding to include section 1983 claims. We are not persuaded.
¶15 To start, Frazier’s argument ignores the preceding portion of the language referring to “a person charged with a duty under this code lyvho] has commiftéd ... a breach or neglect of duty or other wrongful act.” Id. (emphasis added). Read together, the second portion of the sentence most naturally refers to “a breach or neglect of duty or other wrongful act” under the Colorado Election Code, which does not include section 1983.
¶16 Moreover, Frazier’s argument simply prove?, too much. Under Frazier’s reasoning, the breach or neglect of duty or “other wrongful act” need not have any connection to the Colorado Election Code. Therefore, an accelerated section 1-1-113 proceeding could be invoked by allegations óf any wrongful act by the election official — for example, that she *545 committed a tort against a neighbor — where the neighbor happened to be an “eligible elector” (or other proper plaintiff) under section 1-1-113. Frazier offers no limiting principle for the “other wrongful act” language that would permit section 1983' claims to be alleged in' a section 1-1-113 proceeding, but not torts generally or other claims. As noted above, the limiting principle that most naturally comports with the language is that “other- wrongful act” refers to acts that are wrongful under the Election Code. To be sure, as Frazier points out, “other wrongful act” is more expansive than a “breach” or "neglect of duty.” But all three grounds for a section 1-1-113 claim — that is, breach of duty, neglect of duty, or other wrongful act — all refer to acts that are inconsistent with the Election Code.
¶17 Even if that were not the case, the last sentence of section 1-1-113 makes clear that section 1983 claims cannot be adjudicated through section'1-1-113 proceedings. The last sentence provides the remedy available in a section 1-1-113 proceeding, namely, that “upon a finding of good cause, the district court shall issue an order requiring substantial compliance with the provisions of this code.” Id. (emphasis added). Thus, the remedy available at the end of a section 1-1-113 proceeding is limited to an order, upon the finding of good cause shown, that the provisions of the Colorado Election Code have been, or must be, substantially complied with. Carson v. Reiner, 2016 CO 38, ¶ 15, 370 P.3d 1137, 1141. We see no authority for the proposition that “substantial compliance” upon the finding of “good cause” is a proper standard under section 1983, and Frazier does not point us to any. Instead, such a standard is only appropriate with regard to “this code” — that is, the Colorado Election Code.
¶18 Further inconsistencies between section 1983 and a section 1-1-113 proceeding reinforce the conclusion that the former cannot be raised in the latter. For example, section 1-1-113 limits appellate review. Within three days of the termination of the district court proceedings, the plaintiff must file for review with this court. § 1-1-113(3). If this court “declines to review the proceedings, the decision of the district court shall be final and not subject to further appellate review.” Id, Section 1983 contains no similar limitation on appellate teview. Similarly, section 1983 allows “any citizen of the United States or other person within the jurisdiction thereof’ to bring a claim. 42 U.S.C. § 1983. Section 1-1-113, by contrast, limits those who may file a verified petition to “any candidate, or any officers or representatives of a political party, or any persons who have made nominations or ... any eligible elector.” § 1-1-113. Again, given the substantial inconsis-tences between section 1983 and section 1-1-113 proceedings, section 1-1-113 does not provide an appropriate procedure for adjudicating section 1983 claims.[3]
¶19 Additionally, we agree with the Secretary that bifurcation of the section 1983 and section 1-1-113 claims under C.R.C.P. 42(b), as was done in the companion case we issue today, Williams v. Libertarian Party, 2017 CO 86, 401 P.3d. 558, is not the appropriate remedy. Rule 42(b) allows a court to “order a separate trial of any separate issue or .,. claim! ]” if doing so would further “convenience,” “avoid prejudice,” or serve the interests of “expedition or economy.” C.R.C.P. 42(b). A bifurcation, however, would still allow a section 1983 claim — though adjudicated in a separate trial — to be brought in a section 1-1-113 proceeding in contravention of the statutory- language. When a section 1983 claim is brought in a section 1-1-113 proceeding, the district court should dismiss the claim without prejudice with leave to refile it in a separate action, which should then be assigned, where possible, to the same judge,
¶20 Lastly, Frazier contends that the Supremacy Clause requires Colorado district *546 courts to include section 1983 claims in section 1-1-113 proceedings. Again, we disagree.
¶21 Frazier cites Felder v. Casey, 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988), Board of County Commissioners v. Sundheim, 926 P.2d 545 (Colo. 1996), and Espinoza v. O’Dell, 633 P.2d 455 (Colo. 1981), for the proposition that the district courts must allow section 1983 claims to be brought within a section 1-1-113 proceeding. These cases do not require that litigants be afforded the option to bring section 1983 suits in summary state proceedings. Rather, they stand for an entirely different proposition — namely, that certain state-law limitations cannot set limits on the section 1983 remedy.
¶22 For example, in Felder, the Wisconsin Supreme Court held that section 1983 plaintiffs were required to comply with the state’s notice-of-claim statute, which mandated that plaintiffs inform government defendants, inter alia, of the basis of their claims within 120 days of the alleged injury; failure to do so would result in dismissal of the claims. Felder, 487 U.S. at 134, 108 S.Ct. 2302. The Supreme Court reversed, concluding that the notice-of-claim statute was inconsistent with section 1983’s remedial objectives and therefore preempted under the Supremacy Clause. Id. at 153, 108 S.Ct. 2302. Similarly, in Sundheim, we relied on Felder and held that the 30-day filing deadline for review of a quasi-judicial decision under C.R.C.P. 106(b) could not be applied to a section 1983 claim. Sundheim, 926 P.2d at 548-49. Finally, in Espinoza, a case that preceded Felder and Sundheim but applied similar reasoning, we held that the damage limitations of the state wrongful death statute could not be applied to limit the damages available in a section 1983 claim. Espinoza, 633 P.2d at 464-65.
¶23 Our decision today in no way imposes a limitation on a person’s rights as set forth in section 1983. The courts of this state remain entirely open to section 1983 claims, even (and perhaps especially) where expedited review is sought in the form of a preliminary injunction.
¶24 Indeed, if this court were to hold, as urged by Frazier, that section 1983 could be brought in a section 1-1-113 proceeding, we would run afoul of the Supremacy Clause principles enshrined by Felder, Sundheim, and Espinoza. Under these cases, section 1983 claims cannot be subject to the kind of state-law limitations that section 1-1-113 would impose, such as truncated appellate review, limitation on proper plaintiffs, and a standard of “substantial compliance” upon a showing of “good cause.” § 1-1-113. We know of no authority suggesting we should allow section 1983 claims to be litigated in a special statutory proceeding that is inconsistent with section 1983 in many ways simply because the plaintiff is willing to subject himself to the limitations of the proceeding (as Frazier apparently is) if he can simultaneously take advantage of what he views as its benefits.
¶25 If anything, a more recent Supreme Court case discussed by the parties, Haywood v. Drown, 556 U.S. 729, 129 S.Ct. 2108, 173 L.Ed.2d 920 (2009), indicates that section 1983 claims should not be shoehomed into specialized judicial proceedings that limit the federal right. In Haywood, a state law required inmates to file suits seeking money damages against correctional officers under state or federal law (including section 1983) in a specialty court that operated under significant procedural and substantive limitations, and required state courts of general jurisdiction to dismiss such claims. Id. at 734, 129 S.Ct. 2108. The Court held that the state law violated the Supremacy Clause because the plaintiff was prevented from pursuing his section 1983 claim in a state court of general jurisdiction. Id. at 740, 129 S.Ct. 2108. According to the Court, the state law was not a “neutral rule of judicial administration,” see id. at 736-38, 129 S.Ct. 2108 (citing Howlett v. Rose, 496 U.S. 356, 371, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990)), but instead was a decision by the state “to shut the courthouse door to federal claims that it considera at odds with its local policy.” Id. at 740, 129 S.Ct. 2108. As applied here, our interpretation of section 1-1-113 has not “shut the courthouse door” to section 1983 claims. That door remains wide open.[4] Instead, we have *547 avoided the Supremacy Clause problem identified in Haywood that would arise if we were to subject section 1983 claims to the limitations of section 1-1-113.
¶26 In fact, Frazier’s interpretation of section 1-1-113 is further in tension with the Supremacy Clause and Haywood given section 1-1-113’s mandatory joinder rule. Under section 1-1-113, “the procedure specified in this section shall be the exclusive method for the adjudication of controversies arising from a breach or neglect of duty or other wrongful act that occurs prior to the day of an election.” § 1-1-113(4) (emphasis added). Under Frazier’s interpretation, plaintiffs would be obligated to bring related section 1983 claims within a section 1-1-113 proceeding. Mandating joinder of section 1983 claims in specialized election proceedings that place limits on available remedies and appellate review is to require what the Supremacy Clause condemns.
¶27 As a final note, Frazier argues that for many years various Secretaries of State have not objected to, and in some cases encouraged, plaintiffs to bring section 1983 claims in section 1-1-113 proceedings. Frazier also points out that this court has addressed a section 1983 claim in the context of a section 1-1-113 proceeding without objection from the prior officeholder. See Colo. Libertarian Party v. Sec’y of State, 817 P.2d 998 (Colo. 1991). But Frazier concedes, as he must, that we have never addressed the question we examine today — namely, whether such join-der is appropriate under section 1-1-113. Squarely addressing the issue for the first time, we conclude, for the reasons stated above, that section 1983 claims cannot be brought in section 1-1-113 proceedings. Tó the extent that Brown v. Davidson holds to the contrary, we overrule it.[5] Because a section 1983 claim cannot be brought in a section 1-1-113 proceeding, Frazier could not seek fees under section 1988 in the context of a section 1-1-113 claim. Therefore, the attorney’s fee award associated with Frazier’s section 1983 claim cannot stand.
III.
¶28 For these reasons, we make our rule to show cause absolute and remand the case for further proceedings consistent with this opinion.
JUSTICE GABRIEL dissents, and JUSTICE HOOD joins the dissent.

. Section 1983 provides in pertinent part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Colúmbia, subjects, or causes to be subjected, any.citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....
.42U.S.C. § 1983.

. Because we conclude that section 1-1-113 proceedings are limited to "breach or neglect of duty or other wrongful acts" under the Colorado Election Code, we need not consider the Secretary's alternative argument regarding whether the attorney's fee award should be set aside. § 1-1-113.

, We note that the Secretary and Frazier disagree as to whether, as a practical matter, section 1983 claims can possibly be adjudicated under the accelerated timelines applicable to section 1-1-113 proceedings. The Secretary says no, arguing that it is impossible to folly litigate a complex constitutional issue within days or weeks, as.is typical of a.section 1-1-113 proceeding. Frazier argues that it can be done, and points to other cases in which it allegedly has been done. We need not resolve this question, however, because we conclude that section 1983 claims cannot be brought in a section 1-1-113 proceeding under the language of the provision.

. Because the courts of Colorado remain entirely open to section 1983 claims under our interpretation of section 1-1-113, we need not consider whether section 1-1-113 is a “neutral rule of *547 judicial administration” that would justify divesting Colorado courts of jurisdiction over section 1983 claims.

. In addition to Brown, the district court in this case relied on Williams v. Libertarian Party, the companion case we review, and reverse, today.