JUSTICE GABRIEL,
dissenting.
¶29 After Colorado Secretary of State Wayne Williams (the “Secretary”) concluded that plaintiff Ryan Frazier did not obtain a sufficient number of petition signatures to qualify to be placed on the ballot for the Republican primary as a candidate for the United States Senate, Frazier brought the current lawsuit, asserting claims under § 1-1-113, C.R.S. (2016), and 42 U.S.C. § 1983 (2012). After an appeal to this Court and a remand to the district court, the district court ruled in Frazier’s favor on the section 1-1-113 claims and did not reach the section 1983 claims, Frazier -then sought attorney fees under 42 U.S.C. § 1988 (2012), as the prevailing -party on his section 1983 claims, which, he claimed, were intertwined with his section 1-1-113 claims. The district court awarded Frazier feesj and the Secretary appealed, arguing, as pertinent here, that a section 1983 claim may not be joined with a section 1-1-113 claim in a single action because section 1-1-113 establishes a narrow proceeding limited solely to claims brought under the Colorado Election Code.
¶30 The majority agrees with the Secretary’s construction and concludes that (1) claims brought pursuant to section 1-1-113 are limited to those alleging a breach or neglect of duty or other wrongful act under the Colorado Election Code and therefore, (2) section 1983 claims may not be joined in a section 1-1-113 proceeding. See maj. op. ¶¶ 10,18. In support of these conclusions, the majority principally relies on the text of section 1-1-113 (most notably, the text’s references to “this code”) and the fact that the *548 section provides for expedited appellate procedures. See id. at ¶¶ 13-18.
¶31 Unlike the majority, I perceive nothing in the text of section 1-1-113 that precludes joinder of a section 1983 claim. To the contrary, in my view, the statutory text directly supports the joinder of such claims. Moreover, precluding joinder would mandate the filing of multiple lawsuits in direct contravention of both the applicable rules of civil procedure and Congress’s intent to facilitate the filing of viable section 1983 claims.
¶32 Nor am I persuaded by the fact that section 1-1-113 provides for certain expedited procedures, We have never relied on the existence of such procedures to' preclude joinder, and our courts have had no difficulty managing appeals in cases like this one.
¶33 Accordingly, I respectfully dissent.
I. Analysis
¶34 I begin by addressing the applicable standard of review and rules of statutory construction. I then discuss the text of section 1-1-113 and explain why, in my view, the text of that statute, settled rules’ of -civil procedure, and sound public policy support allowing the joinder of section 1983 claims with’section 1-1-113 claims. Thereafter, I address section 1-1-113’s expedited procedures for appeal and show why those procedures should not preclude joinder of section 1983 claims. I conclude with a comment on attorney fees, which appear to have been a significant factor motivating the Secretary’s effort to preclude joinder of section 1983 claims in section 1-1-113 proceedings.
A. Standard of Review and Rules of Statutory Construction
¶35 We review questions of statutory interpretation de novo. Vallagio at Inverness Residential Condo. Ass’n v. Metro. Homes, Inc., 2017 CO 69, ¶ 16, 395 P.3d 788, 792. In doing so, we look to the entire statutory scheme in order to give consistent, harmonious, and sensible effect to all of its parts, and we apply words and phrases in accordance with their plain and ordinary meanings. Id. When the statutory language is clear, we apply it as written and need not resort to other rules of statutory construction. See id. In' addition, when construing a statute, we. must respect the legislature’s choice of language. Turbyne v. People, 151 P.3d 563, 568 (Colo. 2007). Accordingly, “[w]e do not add words to the statute or subtract words from it.” Id. at 567.
B. Section 1-1-113
¶36 Section 1-1-113 provides, in pertinent part:
(1) When any controversy arises between any official charged with any duty or function under this code and any candidate, ... or when any eligible elector files a verified petition in a district court of competent jurisdiction alleging that a person charged with a duty under this code has committed or is about to commit a breach or neglect of duty or other wrongful act, after notice to the official which includes an opportunity to be heard, upon a finding of good cause, the district court shall issue an order requiring substantial compliance with the provisions of this code. The order shall require the person charged to forthwith perform the duty or to desist from the wrongful act or to forthwith show cause why the order should not be obeyed. The bra-den of proof is on the petitioner.
[[Image here]]
(4) Except as otherwise provided in this part 1, the procedure specified in this section shall be the exclusive method for the adjudication of controversies arising from a breach or neglect of duty or other wrongful act that occurs prior to the day of an election.
(Emphasis added.)
, ¶87 Although the majority focuses to a large extent on the statute’s references- to “this code,” maj. op.- ¶ 13, it pays less attention to the broad language with which the statute begins qnd that appears throughout the statutory text. F,or example, the statute starts by referring to “any controversy between any official -charged with any duty or function under this code and any candidate.” § 1-1-113(1). In my view, this language is plain and unambiguous. It subsumes any controversy between an election official and a candidate relating to the official’s duties or functions under the Election Code, and it *549 does not limit such controversies to the nature of the claims asserted.
¶38 This 'interpretation is further' supported by subsection (4), which states that the procedures set forth in section 1-1-113 constitute the'“exclusive method” for adjudicating controversies arising from an alleged breach or neglect of duty “or other wrongful act that occurs prior to the day of- an election,” To me, “exclusive method” suggests that all disputes between an election official and a candidate arising from the official’s duties under the Code must be brought in a single proceeding under section 1-1-113. Moreover, the phrase “other wrongful act that occurs prior to the day of an election” plainly encompasses claims beyond those for violations of the Election Code. • ■
¶39 This does not mean, however, that the types of claims that can be brought in a section 1-1-113 proceeding are unlimited. To the contrary, as I read that' provision, the claim must arise from the election official’s performance of his or her statutory duties. And with that-understanding, I have no difficulty concluding that Frazier’s section-1983 claim fell within the proper bounds of a section 1-1-113 proceeding; Specifically, as the maj'ority correctly observes, in Frazier’s section 1983 claim, he argued that the' Colorado election laws prohibiting non-resident circulators were unconstitutional under the First Amendment. This claim was directly pertinent to the Secretary’s statutory duty to determine whether a candidate had submitted sufficient signatures to qualify- for the ballot: the Secretary had rejected the signatures gathered by Frazier circulator Fames Day, after Day’s voter registration had -expired, because Colorado election laws .required circulators to be registered electors at the time the petition was circulated. Accordingly, Frazier’s section 1983 claim reflected a controversy arising from the Secretary’s performance of his statutory duties in conducting the election at issue, and this is.precisely the type of claim contemplated by section 1-1-113.
¶40 In reaching a contrary conclusion, the majority reads section 1-1-113 to apply only to controversies between election officials and candidates involving breaches of duties and -wrongful acts under the- Colorado Election Code. But that is-not what the statute says. As noted above, -the statute refers to “any controversy between any official charged with any duty or function under this code and any candidate” and to “controversies arising from a breach or neglect of duty or other wrongful act that occurs prior to the day of an election.” § 1-1-113(1), (4). In my view, the majority’s interpretation reads into the statute a limitation — “under the Colorado Election Code” — that does not appear in the statute’s plain text. As noted above, however, we do not add words to a statute. See Tur-byne, 151 P.3d at 567.
¶41 Nor am I persuaded by the majority’s reliance on section 1-1-113(l)’s requirement that; on finding a violation, the district court “shall issue an order requiring substantial compliance with the provisions of this code.” Maj. op. ¶ 17. I perceive nothing in that language that is inconsistent with the remedies that may be imposed under section 1983. Nor does the fact that section 1983 may allow additional remedies suggest to me that section 1-1-113 precludes joinder of a section 1983 claim.
¶42 Accordingly, based on the plain and unambiguous language of section 1-1-113, I would conclude that the joinder of section 1983 claims with section 1-1-113 claims is appropriate. Indeed, a contrary rule strikes me as inconsistent with the Colorado Rules of Civil Procedure, with settled public policy, and with Congress’s intent to facilitate the filing of viable section 1983 claims.
¶43 Specifically, C.R.C.P. 1(a) provides, in pertinent part, that our rules qf civil procedure “shall be liberally construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action.”
¶44 C.R.C.P. 18(a), in turn, provides, “A party asserting a claim to relief as an original claim, counterclaim, cross claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal or equitable, as he has against an opposing party.”
¶45 The purpose of these rales is to allow parties to present their claims in a speedy *550 and expeditious way and, in particular, to avoid requiring a party to file — and the opposing party to defend — multiple proceedings arising from the same transaction. See, e.g., CLPF-Parkridge One, L.P. v. Harwell Invs., Inc., 105 P.3d 658, 662 (Colo. 2005) (noting that the civil procedure rules are designed to avoid “extensive seasons of fractured litigation” and that the rules “promote expeditious resolution of all disputes arising out of the same transaction in a single lawsuit”); Benton v. Adams, 56 P.3d 81, 85 (Colo. 2002) (noting that the purpose of the civil procedure rules is to secure a just, speedy, and inexpensive determination of every action and that the focus is on the resolution of actions on their merits in a reasonable and expeditious manner). Indeed, for the same reason, we have long construed rules of claim preclusion as barring not only claims that were actually litigated but also claims that could have been litigated in a prior proceeding. See Meridian Serv. Metro. Dist. v. Ground Water Comm’n, 2015 CO 64, ¶ 36, 361 P.3d 392, 398.
¶46 Notwithstanding the foregoing, in this case, the majority adopts a new rule precluding joinder of section 1983 claims and mandating that such claims be asserted in a separate proceeding. See maj. op. ¶ 19 .(stating that when a section 1983 claim is brought in a section 1-1-113 proceeding, the district court should dismiss the claim without prejudice with leave to refile it in a separate action). For the reasons set forth above, I perceive no basis for construing section 1-1-113 as creating so unique a rule, and one that seems so squarely to conflict with the civil procedure rules noted above. And this is particularly true here, given Congress’s long-established intent to facilitate the filing of viable section 1983 claims.
¶47 Specifically, over thirty years ago, the Supreme Court made clear that the very reason fees are awarded in section 1983 eases is to encourage competent counsel to pursue such cases to vindicate the rights of parties whose constitutional righte have been violated but who otherwise would lack thé financial means to seek an appropriate remedy to protect those rights. See City of Riverside v. Rivera, 477 U.S. 561, 576-78, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986). Requiring a civil rights litigant like Frazier to file a second lawsuit to protect his constitutional rights would serve no purpose other than to increase the time and expense of, Frazier’s claims. This, in turn, would tend to discourage the pursuit of such a claim, contrary to Congress’s expressed intent.
¶48 In interpreting section 1-1-113 as I do, I acknowledge and appreciate the Secretary’s concerns regarding the possible breadth of a section 1983 claim and the potential need for substantial discovery on such a claim. Because Frazier’s section 1983 claim presented strictly a legal question and was closely interrelated to Frazier’s state law claims, however, no such discovery was necessary or at issue in this case. Moreover, thus far, cases in which section 1983 claims have been joined in section 1-1-113 proceedings do not appear to have presented any difficult discovery problems. And were such problems to arise, in my view, they would present a case management issue for the district court, not a reason to bar joinder of a possibly viable constitutional claim.
¶49 For all of these reasons, I believe that a party in Frazier’s position may appropriately join a section 1983 claim with a section 1-1-113 claim.
B. Appellate Considerations
¶50 To justify further its conclusion that section 1-1-113 precludes the joinder of section 1983 claims, the majority points to section 1-1-113’s limits on appellate review. See maj. op. ¶ 18. I, however, do not believe that such limits warrant a rule precluding joinder of section 1983 claims.
¶51 Section 1-1-113(3) allows for expedited review in this court:
The proceedings may be reviewed and finally adjudicated by the supreme court of this state, if either party makes application to the supreme court within three days after the district court proceedings are terminated, unless the supreme court, in its discretion, declines jurisdiction of the case. If the supreme court declines to review the proceedings, the decision of the district court shall be final and not subject to further appellate review.
*551 ¶52 I perceive nothing in this section that precludes the joinder of a section 1983 claim. In fact, and as Frazier correctly observes, joined section 1983 claims can — and have— been properly adjudicated (and appealed) within the context of section 1-1-113 proceedings. Indeed, Williams v. Libertarian Party, 2017 CO 86, 401 P.3d 558, which we are also deciding today, is an example of such a case. I am not aware of any intractable problems or confusion regarding the trial and appellate procedures to be employed in cases like this, and thus, I see no reason to overrule Brown v. Davidson, 192 P.3d 415 (Colo. App. 2006), which has been on the books for over a decade without apparent controversy or difficulty.
¶53 I am not persuaded otherwise by the majority’s reliance on cases like Felder v. Casey, 487 U.S. 131, 144-45, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988), Haywood v. Drown, 556 U.S. 729, 736-40, 129 S.Ct. 2108, 173 L.Ed.2d 920 (2009), and their progeny. See maj. op. at ¶¶ 21-26. To the contrary, I believe that these cases support the joinder of section 1983 claims in a section 1-1-113 proceeding.
¶54 In Felder, 487 U.S. at 144-45, 108 S.Ct. 2302, the Supreme Court concluded that section 1983 plaintiffs were not required to comply with a state notice-of-claim statute because the state law’s protection applied solely to governmental defendants and thus “eondition[ed] the right to bring suit against the veiy persons and entities Congress intended to subject to liability.” In so concluding, the Court observed that a state law that conditions a eongressionally mandated right of recovery on compliance with a rule designed to minimize governmental liability and that directs injured persons to seek redress in the first instance from the targets of that federal legislation “is inconsistent in both purpose and effect with the remedial objectives of the federal civil rights law.” Id. at 153,108 S.Ct. 2302.
¶55 In Haywood, 556 U.S. at 733-34, 129 S.Ct. 2108, the Court considered a challenge to a New York law that (1) divested state courts of general jurisdiction of their jurisdiction over civil rights actions brought by state prisoners against corrections officers and (2) required that such actions be brought in a claims court of limited jurisdiction. This state law was motivated by the belief that such actions were largely frivolous and vexatious. Id. at 733, 129 S.Ct. 2108. The Court struck down the law, holding that, “having made the decision to create courts of general jurisdiction that regularly sit to entertain analogous suits, New York is not at liberty to shut the courthouse doors to federal claims that it considers at odds with its local policy.” Id. at 740,129 S.Ct. 2108.
¶56 In my view, these cases do not support the majority’s assertion that Frazier’s (and, implicitly, my) reading of section 1-1-113 would result in a Supremacy Clause violation. See maj. op. ¶ 26. Joinder of a section 1983 claim in a section 1-1-113 proceeding in no way limits or discriminates against a claimant’s federal rights. Nor does it close a courthouse door to them. If anything, it enhances those rights by ensuring a prompt hearing and appellate process in a single court proceeding. In contrast, the majority’s interpretation of section 1-1-113 would inevitably close the courthouse door to viable section 1983 claims, which we cannot properly do. See Haywood, 556 U.S. at 740, 129 S.Ct. 2108.
C. Attorney Fees
¶57 Finally, I feel compelled to say a word about attorney fees, which appear to have been a significant factor motivating the Secretary’s effort to preclude joinder of section 1983 cases in this context. See maj. op. ¶ 2 (noting that after Frazier sought attorney fees under section 1988, the Secretary opposed that request and argued that section 1983 claims may not be brought in a section 1-1-113 proceeding).
¶58 I have no doubt that some parties may well be motivated to assert section 1983 claims because those claims provide a potential avenue for the recovery of fees. Indeed, such an outcome is fully consistent with Congress’s intent to promote viable section 1983 claims by awarding fees to prevailing parties. See City of Riverside, 477 U.S. at 576-78, 106 S.Ct. 2686. Given this intent, I do not believe that it is appropriate to use the risk of fees as a basis for adopting novel procedures that *552 will likely discourage litigants from asserting potentially viable section 1983 claims. = Yet, that appears to be what we have done today.
II. Conclusion
¶59 For these reasons, I believe that the plain language of section 1-1-113, the applicable civil procedure rules, and sound public policy support allowing a petitioner like Frazier to join section 1983 claims with claims under section 1-1-113.
¶60 Accordingly, I respectfully dissent.
I am authorized to state that JUSTICE HOOD joins in this dissent. , .