Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us.  Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
September 11, 2017

**2017 CO 86**

**No. 16SC145, <u>Williams v. Libertarian Party</u> — Election Proceedings Under Section
1-1-113 — 42 U.S.C. § 1983 — Supremacy Clause.**

As held today in <u>Frazier v. Willaims</u>, 2017 CO 85, ___ P.3d ___, a 42 U.S.C. § 1983

(2012) claim may not be brought in a proceeding under § 1-1-113, C.R.S. (2017).

## The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

**2017 CO 86**

**Supreme Court Case No. 16SC145**
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 14CA2063

**Petitioner:**

Wayne Williams, in his official capacity as Colorado Secretary of State,

v.

**Respondents:**

Libertarian Party of Colorado and Gordon Roy Butt.

**Judgment Reversed**
*en banc*
September 11, 2017

**Attorneys for Petitioner:**
Cynthia H. Coffman, Attorney General
Frederick R. Yarger, Solicitor General
Amy Colony, Senior Assistant Attorney General
Matthew D. Grove, Assistant Attorney General
Grant T. Sullivan, Assistant Solicitor General
 *Denver, Colorado*

**Attorneys for Respondents:**
The Matthew C. Ferguson Law Firm, P.C.
Matthew C. Ferguson
Michelle K. Schindler
 *Aspen, Colorado*

**JUSTICE EID** delivered the Opinion of the Court.
**JUSTICE GABRIEL** dissents, and **JUSTICE HOOD** joins the dissent.

¶1 Gordon Roy Butt sought to run for state senate for the Libertarian Party in a 2013 recall election. The Secretary of State denied his request to circulate a petition because his request came after the deadline as then set by section 1-12-117(1). See Ch. 170, sec. 8, § 1-12-117(1), 2014 Colo. Sess. Laws 621. Butt and the Libertarian Party (collectively, "the Party") sued the Secretary under § 1-1-113, C.R.S. (2017), alleging that the statutory deadline conflicted with the Colorado Constitution. Within the section 1-1-113 proceeding, the Party also raised a claim for relief under 42 U.S.C. § 1983 (2012), and an accompanying request for an award of attorney's fees under 42 U.S.C. § 1988 (2012), alleging, inter alia, a First Amendment violation. The district court found for the Party on the state constitutional claim, and did not address the section 1983 claim. After this court denied appellate review on a split vote, further proceedings occurred before the district court. The case was appealed once again, and this court again denied review.

¶2 Nine months later, the Party returned to district court seeking summary judgment on its section 1983 claim and, in the alternative, an attorney's fee award under section 1988 on the ground that the Party had been successful on its state constitutional claim. The district court denied the Party's request for attorney's fees, finding that it had not pursued fees in a timely manner. It also dismissed the section 1983 claim as moot due to the General Assembly's 2014 amendment of section 1-12-117(1).

¶3 On appeal, the court of appeals reversed the district court. Libertarian Party of Colorado v. Williams, No. 14CA2063 (Colo. App. Jan. 14, 2016). Citing Brown v. Davidson, 192 P.3d 415 (Colo. App. 2006), it noted that section 1983 claims may be

brought in a section 1-1-113 proceeding. Williams, ¶ 11. The court then held that, although the Party's section 1983 claim was moot, the request for attorney's fees under section 1988 was appropriate so long as the section 1983 claim was substantial, stemmed from the same nucleus of operative facts as the state constitutional claim, and was reasonably related to the plaintiff's ultimate success. Id. at ¶ 29. The court remanded the case to the district court to apply this test to determine whether the Party was entitled to fees. Id. at ¶¶ 31–32.

¶4 We granted the Secretary's request for certiorari review and now reverse the court of appeals.[1] For reasons discussed at length in our companion case, Frazier v. Williams, 2017 CO 85, ___ P.3d___, also announced today, we hold that a section 1983 claim may not be brought in a section 1-1-113 proceeding. The language of that section repeatedly refers to "this code," meaning the Colorado Election Code. Therefore, a section 1-1-113 proceeding is limited to allegations of a "breach or neglect of duty or other wrongful act" under the election code itself. § 1-1-113(1). We emphasize that Colorado courts remain entirely open for adjudication of section 1983 claims, including on an expedited basis if a preliminary injunction is sought, and that therefore section

---

[1] We granted review of the following issues:

1. Whether Brown v. Davidson, 192 P.3d 415 (Colo. App. 2006), which held that a claim asserted under 42 U.S.C. § 1983 may be joined with a petition filed under section 1-1-113, C.R.S. (2016), should be overturned.
2. Whether, when the supreme court denies review under section 1-1-113(3), that denial marks the conclusion of the proceedings, thereby triggering the deadline for attorney fees applications under C.R.C.P. 121, section 1-22.
3. Whether a plaintiff who prevails on a state claim is entitled to attorney fees under 42 U.S.C. § 1988 for an unadjudicated 42 U.S.C § 1983 claim.

1-1-113 does not run afoul of the Supremacy Clause. To the extent that <u>Brown v. Davidson</u>, 192 P.3d 415 (Colo. App. 2006), holds to the contrary, it is overruled. Accordingly, we reverse and remand the case for further proceedings.

**I.**

¶5    This case arose out of legislative recall elections in 2013. Butt requested approval from the Secretary to circulate a petition to qualify as a successor candidate on the Libertarian Party ticket. The Secretary denied the request because it was submitted after the statutory deadline that was then set forth in section 1-12-117(1) ("Nomination petitions . . . shall be filed no later than ten calendar days prior to the date for holding the [recall] election . . . .").

¶6    The Party filed a petition for relief under section 1-1-113, arguing that the statutory deadline then set by section 1-12-117(1) and enforced by the Secretary conflicted with Article XXI, section 3 of the Colorado Constitution, which would have allowed Butt more time to file his petition.[2] <u>See</u> Colo. Const. art. XXI, § 3 ("[P]etitions for nomination to office are required by law to be filed not less than 15 days before such recall election . . . ."). Within the section 1-1-113 proceeding, the Party also brought a section 1983 claim alleging, inter alia, a First Amendment violation, and requested attorney's fees pursuant to 42 U.S.C. section 1988.

¶7    After bifurcating the case pursuant to C.R.C.P. 42(b), the district court concluded that the statute conflicted with the Colorado Constitution. It did not address the Party's

_____

[2] No one has challenged Butt's joinder of a state constitutional claim under section 1-1-113, so we do not address that issue in this case.

4

section 1983 claim. We declined review on an evenly divided vote. Further proceedings occurred before the district court and the case was appealed once again, and this court denied review.

¶8 The Party returned to the district court nine months later seeking summary judgment on the section 1983 claim and, in the alternative, an attorney's fee award under section 1988 on the ground that the Party had been successful on its state constitutional claim. The district court denied the Party's request for attorney's fees, finding that it had not pursued fees in a timely manner. It also dismissed the section 1983 claim as moot due to the General Assembly's amendment of section 1-12-117(1) that remedied any conflict between the statute and the Colorado Constitution.

¶9 On appeal, the court of appeals determined that under Brown v. Davidson, the Party was permitted to bring its section 1983 claim under section 1-1-113. Williams, ¶ 11. While it agreed that the section 1983 claim was moot, it found that attorney's fees were nonetheless appropriate so long as the section 1983 claim was substantial, stemmed from the same nucleus of operative facts as the state claim, and was reasonably related to the plaintiff's ultimate success. Id. at ¶ 29. The court remanded the case to the district court to apply this test to determine whether the Party was entitled to fees. Id. at ¶¶ 31–32.[3]

¶10 We granted the Secretary's petition for certiorari review. We now reverse the court of appeals and remand the case for further proceedings.

---

[3] The court of appeals also determined that the district court's decision as to fees was a reviewable final judgment, id. at ¶ 13, a conclusion that the Secretary does not challenge before this court.

## II.

¶11    Here, the Secretary contends that section 1983 claims cannot be brought in a section 1-1-113 proceeding.  For the reasons set forth in more detail in our lead companion case Frazier v. Williams, 2017 CO 85, ___ P.3d ___, we agree.  The language of section 1-1-113 limits claims that may be brought to those alleging a breach or neglect of duty or other wrongful act under "this code," meaning the Colorado Election Code.  Colorado courts remain entirely open for adjudication of section 1983 claims, including on an expedited basis if a preliminary injunction is sought, and that therefore section 1-1-113 does not run afoul of the Supremacy Clause.  To the extent that Brown v. Davidson holds to the contrary, it is overruled.

¶12    Because we find that section 1983 claims may not be brought in a section 1-1-113 proceeding, we need not consider the remaining two issues upon which we granted certiorari, as both assume that, if a section 1983 claim may be brought in section 1-1-113 proceeding, the court of appeals erred in permitting fees under section 1988.  Accordingly, we reverse and remand the case for further proceedings consistent with this opinion.

**JUSTICE GABRIEL** dissents, and **JUSTICE HOOD** joins the dissent.

JUSTICE GABRIEL, dissenting.

¶13     Relying on its opinion in <u>Frazier v. Williams</u>, 2017 CO 85, ___ P.3d ___, which we also decide today, the majority concludes that (1) claims brought pursuant to section 1-1-113 are limited to those alleging a breach or neglect of duty or other wrongful act under the Colorado Election Code and therefore, (2) section 1983 claims may not be joined in a section 1-1-113 proceeding.  <u>See</u> maj. op. ¶¶ 10, 18.  For the reasons set forth in my dissent in <u>Frazier</u>, ¶¶ 29-60, I respectfully disagree.  Instead, I would conclude that the plain language of section 1-1-113, the applicable civil procedure rules, and sound public policy support allowing parties like petitioners here to join section 1983 claims with claims under section 1-1-113.

¶14     Accordingly, I respectfully dissent.

I am authorized to state that JUSTICE HOOD joins in this dissent.